**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TIMOTHY R. MARSH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24-248 |
| | ) | |
| v. | ) | District Judge Stephanie L. Haines |
| | ) | Magistrate Judge Maureen P. Kelly |
| SOMERSET COUNTY, SOMERSET | ) | |
| COUNTY JAIL, DUSTY WEIR, *and* | ) | |
| SOMERSET COUNTY SHERIFF OFFICE, | ) | Re: ECF No. 1 |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 1, be dismissed for failure to prosecute.

### II.      REPORT

Plaintiff Timothy R. Marsh ("Plaintiff") is a prisoner in the custody of the Pennsylvania Department of Corrections at the State Correctional Institution at Waymart ("SCI-Waymart") in Waymart, Pennsylvania. On October 16, 2024, Plaintiff submitted the Complaint without a motion for leave to proceed *in forma pauperis* ("IFP") or payment of the required filing fee. ECF No. 1.

This Court entered a Deficiency Order on November 15, 2024, directing the Plaintiff to complete the Court's form motion to proceed IFP, file a Consent to Magistrate Judge form, provide a certified copy of Plaintiff's trust fund account statement, and complete an authorization form authorizing the withdrawal of funds from his inmate account. ECF No. 3.

On November 25, 2024, Plaintiff submitted a Consent to Magistrate Judge form, ECF No. 4, and authorization form permitting the withdrawal of prison account funds to pay the filing fee, ECF No. 5. However, Plaintiff failed to fully comply with the Court's Deficiency Order because

1

he did not submit a motion for leave to proceed IFP, nor did he provide the Court with a copy of his certified trust fund account statement.  See 28 U.S.C. § 1915(a)(2) (requiring a prisoner plaintiff seeking to proceed IFP to submit a 6-month trust fund account statement).   Accordingly, on January 13, 2025, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. ECF No. 6. Plaintiff's response was due on or before February 12, 2025. Id. at 1. To date, Plaintiff has not responded to the Court's Order to Show Cause, nor has he submitted a motion for leave to proceed IFP, or a certified trust account statement.

The United States Court of Appeals for the Third Circuit has identified a six-factor balancing test to guide a court in determining whether a case should be dismissed for failure to prosecute. Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute, Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and not all six factors need to support dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Rather, the court must "properly consider and balance" each of the six factors based on the record. See Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019) (citing Poulis, 747 F.2d at 868).

"Dismissal with prejudice is an 'extreme' sanction" that should be employed as a "last, not first, resort." Hildebrand, 923 F.3d at 132 (quoting Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976), and Poulis, 747 F.2d at 867, 869). A close case should "be resolved

in favor of reaching a decision on the merits." Id. (citing Adams v. Trs. of the N.J. Brewery Emps.'
Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994)). Nevertheless, "[d]ismissal is a sanction
rightfully in the district courts' toolbox," and the Third Circuit "has not hesitated to affirm the
district court's imposition of sanctions, including dismissals in appropriate cases." Id. (citing
Poulis, 747 F.2d at 867 n.1).

The first Poulis factor requires the Court to consider the extent to which the dilatory party
is personally responsible for the sanctionable conduct. See Adams, 29 F.3d at 873 ("[I]n
determining whether dismissal is appropriate, we look to whether the party bears personal
responsibility for the action or inaction which led to the dismissal."). Because Plaintiff is
proceeding pro se, he is solely responsible for his own conduct, including his failure to respond to
orders from the Court. See, e.g., Colon v. Karnes, No. 1:11-cv-1704, 2012 WL 383666, at *3
(M.D. Pa. Feb. 6, 2012) ("Plaintiff is proceeding pro se, and thus is responsible for his own
actions."). This factor weighs heavily in favor of dismissal.

The second Poulis factor assesses whether the adverse party has suffered prejudice because
of the dilatory party's behavior. Relevant concerns include "the irretrievable loss of evidence, the
inevitable dimming of witnesses' memories[,] the excessive and possibly irremediable burdens or
costs imposed on the opposing party," Adams, 29 F.3d at 874, and "the burden imposed by
impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale
Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). At this stage of the litigation, there is a lack of
explicit evidence of prejudice because the adverse parties have not yet been served with proper
paperwork due to Plaintiff's failure to comply with the Deficiency Order from the Court. ECF No.
3.

The third factor, "history of dilatoriness," also weighs heavily against Plaintiff. As explained, Plaintiff has failed to comply with the Deficiency Order, ECF No. 3, nor has he responded to the Order to Show Cause that was entered January 13, 2025. ECF No. 6. Thus, Plaintiff has engaged in dilatory conduct that serves to unnecessarily delay resolution of this matter.

As for the fourth Poulis factor, "[w]illfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 874. In this case, there is nothing on the docket to suggest that Plaintiff is unable to respond to Court orders. Thus, his failure to comply with the Court's orders appears willful.

The fifth factor addresses the effectiveness of sanctions other than dismissal. Poulis, 747 F.2d at 869. It is well-established that monetary sanctions are ineffective where the Plaintiff is indigent. See, e.g., Brennan v. Clouse, No. 11-0146, 2012 WL 876228, at *3 (W.D. Pa. Mar. 14, 2012) ("Alternative sanctions, such as monetary penalties, are inappropriate as sanctions with indigent pro se parties.") (citing Emerson v. Thiel College, 296 F.3d 184, 191 (3d Cir. 2002)). As such, this factor weighs heavily in favor of dismissal.

Finally, the Court must consider the potential merit of Plaintiff's claims. A claim will be deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Poulis, 747 F.2d at 869-70. To date, Plaintiff has not submitted a complaint that states a claim upon which relief may be granted.

On balance, the Court concludes that  five of the six Poulis factors support dismissal. Nevertheless, "[n]ot all these factors need to be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). While the Court is mindful of the strong policy for deciding cases on the merits, such a resolution is impossible when the plaintiff

declines to participate in his own lawsuit. Consequently, the Court concludes that on the record presented here, the sanction of dismissal is supported by the <u>Poulis</u> factors.

## III.    CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice due to Plaintiff's failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.D.2 of the Local Rules of Court, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Dated: April 2, 2025                                          Respectfully submitted,

                                                             _/s/__**Maureen P. Kelly**_____
                                                             MAUREEN P. KELLY
                                                             UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Stephanie L. Haines
       United States District Judge

       Timothy R. Marsh
       QQ4238
       SCI Waymart
       P.O. Box 256
       Waymart, PA 18472